192    APPELLATE COURTS OF ILLINOIS.

Willis Coal & Mining Co. v. Missouri & Ill. Coal Co., 206 Ill. App. 192.

## Willis Coal & Mining Company, Defendant in Error, v. Missouri & Illinois Coal Company, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by the Willis Coal & Mining Company, plaintiff, against the Missouri & Illinois Coal Company, defendant, to recover for certain coal alleged to have been unlawfully mined by defendant from plaintiff's land. From a judgment for plaintiff for $734.19, defendant brings error.

L. P. CRIGLER and HAMILL & HAMILL, for plaintiff in error.

DAN McGLYNN, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. MINES AND MINERALS, § 34a*—*when burden on lessee to show acquiescence by lessor in taking of coal after cancellation of lease.* In an action to recover for the unlawful mining by defendant of a certain amount of coal in plaintiff's land after cancellation of defendant's lease of such land, *held* that the burden of proof was upon defendant to show that plaintiff had knowledge of and acquiesced in defendant's taking the coal after such cancellation in order to estop plaintiff from enforcing its rights for the coal taken as though there had been no prior lease.

2. MINES AND MINERALS, § 34a*—*when evidence is insufficient to show waiver of contract canceling prior contract for mining.*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Willis Coal & Mining Co. v. Missouri & Ill. Coal Co., 206 Ill. App. 192.

Evidence *held* insufficient to show a waiver by plaintiff of the provisions of its contract with defendant canceling a prior contract as to mining coal on plaintiff's land.

3. WAIVER, § 1*—*what constitutes waiver.* A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of such right and an intention to relinquish it.

4. WAIVER, § 1*—*what are essentials of a waiver.* A waiver of a right will not be implied from slight circumstances but must be evidenced by an unequivocal and decisive act clearly proven, and no waiver is established if the act is not of such character or is not inconsistent with the enforcement of the right claimed to have been waived or an intention to rely upon it.

5. PRINCIPAL AND AGENT, § 200*—*when notice through agent deemed to arise.* Where notice through an agent is relied upon, the nature of the agency must be such that the law will presume that the agent carried the notice to his principal, or it must be established as a fact that the agent communicated such notice to his principal.

6. PRINCIPAL AND AGENT, § 200*—*when notice to principal through agent not shown.* Receipt by plaintiff's bookkeeper of statements rendered by defendant containing certain credits, *held* not notice to plaintiff of such credits in the absence of evidence showing it was the bookkeeper's duty to inform plaintiff's managing officers as to same, or that he did inform them.

7. PRINCIPAL AND AGENT, § 200*—*when principal not chargeable with knowledge of facts ascertained by agent.* Where plaintiff's engineer was employed by defendant, with plaintiff's permission, to make certain surveys, *held* that plaintiff would not be chargeable with knowledge of the facts that came to the engineer in making such survey, as he was not then in plaintiff's employ.

8. MINES AND MINERALS, § 34a*—*when judgment for plaintiff for coal mined unlawfully not disturbed.* Where the testimony as to the expenses of mining, transporting, hoisting, dumping, etc., of certain coal unlawfully mined by defendant in plaintiff's land was conflicting, in an action to recover for such coal, *held* that the judgment for the plaintiff would not be disturbed.

9. INSTRUCTIONS, § 126*—*when refusal proper.* Instructions abstract in form, *held* properly refused.

10. TRIAL, § 298*—*when refusal of propositions of law is proper.* Where certain propositions of law were submitted and substantially covered the law in the case, *held* that there was no prejudice in refusing other propositions.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.